IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARCUS JERMAINE JOHNSON**  **PETITIONER**

**v.**  **No. 3:12CV78-M-S**

**CHRISTOPHER EPPS, ET AL.**  **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Marcus Jermaine Johnson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner, Marcus Johnson, is in the custody of the Mississippi Department of Corrections and is currently housed at the Walnut Grove Correctional Facility in Walnut Grove, Mississippi. Johnson pled guilty to one count of felony aggravated assault domestic violence (Miss. Code Ann. § 97-3-7(2) and (4)) in the Circuit Court of Montgomery County, Mississippi. He was sentenced on April 8, 2008, to serve twenty years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101.

Johnson filed a motion for post-conviction relief in the Montgomery County Circuit Court on October 5, 2010 (signed October 1, 2010). ECF, Doc. 1-1, pp. 43- 53. He amended his Post-Conviction Relief motion on March 16, 2011. He filed a mandamus petition in the

Mississippi Supreme Court on October 8, 2012, which the court dismissed for lack of information and documentation. On October 31, 2012, Johnson filed another mandamus petition in the Mississippi Supreme Court, which the Court dismissed as moot, finding that the PCR motion had been denied by the circuit court on October 12, 2012. (Order from Miss. Sup. Ct. Case no. 2012-M-01641) and (Order from Circuit Court). The records of the Mississippi Supreme Court show that the petitioner has not filed an appeal of the denial of his motion for post-conviction relief in that court.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Johnson's petition became final on May 8, 2008, thirty days after he was sentenced on his guilty plea. *See* Miss. Code Ann. § 99-35-101. Though there is a state statutory prohibition against appealing a judgment based upon a guilty plea, Mississippi had recognized an exception when the petitioner challenged only the legality of his sentence, not the validity of his conviction. *Burns v.* State, 344 So.2d 1189 (Miss. 1977). Though this does not apply to appeals taken after July 1, 2008, the date of new amendments to Miss. Code Ann. § 99-35-101, Seals appealed his sentence before that date. *Seal v. State*, 38 So.3d 635 (Miss. App. 2010). He was thus permitted to challenge his sentence via direct appeal, though he did not do so. Thus, his deadline to seek federal *habeas corpus* relief became May 8, 2009, one year after his conviction became final. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Johnson filed no state post-conviction applications prior to the May 8, 2009, federal *habeas corpus* deadline; as such, he does not enjoy the benefit of statutory tolling of the deadline under 28 U.S.C. § 2244(d)(2), and his deadline remains May 8, 2009.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 15, 2012, and the date it was received and stamped as "filed" in the district court on August 20, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,995 days after the May 8, 2009, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling.

*Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

    **SO ORDERED**, this, the 18th day of February, 2014.

                      **/s/ MICHAEL P. MILLS**
                      **CHIEF JUDGE**
                      **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF MISSISSIPPI**